

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00062-CR

———————————————

CHARLES LEE MCLAURIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1548281D

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

By indictment, Appellant Charles Lee McLaurin was charged with violation of a protective order by assault and was alleged to be a repeat offender. After being duly admonished, McLaurin signed a judicial confession pleading guilty to the charged offense and true to the enhancement paragraph of the indictment. The trial court deferred McLaurin's adjudication pursuant to a plea bargain and placed him on community supervision. McLaurin and his attorney signed the trial court's certification of defendant's right to appeal, which specified that McLaurin had no right of appeal due to a plea bargain and had waived the right of appeal.

The State thereafter petitioned the trial court to proceed to adjudication of McLaurin's guilt on the original charge. On January 23, 2019, McLaurin was duly admonished and signed a judicial confession. The trial court adjudicated McLaurin guilty and sentenced him to five years' confinement. After being convicted and sentenced, McLaurin and his attorney signed a "Waiver of Rights to Appeal Community Supervision Revocation." In his waiver, McLaurin stated that he knows he has a right to appeal from his conviction, a right to a free record, and a right to be represented by counsel on appeal at no cost if he is indigent. Understanding this, McLaurin then stated, "I hereby in open court state that I do not desire to appeal and expressly waive any appeal in this case, and I hereby accept as final the judgment of conviction and the sentence herein[.]" The trial court's certification of defendant's right of appeal specifies that McLaurin has waived the right of appeal.

2

McLaurin now attempts to appeal his conviction in this case. On February 21, 2019, we notified the parties that the appeal may be dismissed based on the trial court's certification unless McLaurin or any party filed a response on or before March 4, 2019, showing grounds for continuing the appeal. McLaurin filed a response on March 6, 2019, but it does not present grounds for continuing the appeal.

A defendant may waive his right to appeal if the defendant executes a waiver of appeal voluntarily, knowingly, and intelligently. *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)); *see also* Tex. Code Crim. Proc. Ann. art. 1.14(a) (providing that a defendant in a noncapital case may waive any rights secured him by law). Post-sentencing waivers of the right to appeal are valid because the defendant knows the consequences of the waiver. *See Ex parte Delaney*, 207 S.W.3d 794, 797–98 (Tex. Crim. App. 2006); *see also Carson v. State*, 559 S.W.3d 489, 494–95 (Tex. Crim. App. 2018) (stating requirements of finding either a negotiated bargain between the State and the defendant or knowledge of the consequences in determining whether a waiver is knowingly and intelligently made); *Eslick v. State*, No. 02-11-00344-CR, 2011 WL 5248082, at *1 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op., not designated for publication). Because the record reflects that McLaurin waived his right to appeal in writing after sentencing and therefore knew the consequences of his waiver, the waiver of appeal is valid. *McAdoo v. State*, Nos. 02-15-00157-CR, 02-15-00158-CR, 2015 WL 3799079, at *1 (Tex. App.—Fort Worth June 8, 2015, no pet.)

3

(mem. op., not designated for publication).  In accordance with McLaurin's signed waivers and the trial court's certifications, we dismiss the appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *see McAdoo*, 2015 WL 3799079, at \*1.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 16, 2019