**Opinion issued July 23, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00047-CR

———————————

**JAMES MARCUS MILES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1509077**

## MEMORANDUM OPINION

Appellant, James Marcus Miles, pleaded guilty to the felony offense of indecency with a child by sexual contact.[1] The trial court found him guilty and assessed his punishment at confinement for ten years and one day. Appellant timely

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c), (d).

filed a pro se notice of appeal.[2] The State has filed a motion to dismiss the appeal for want of jurisdiction. We grant the State's motion and dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the trial court certified that appellant had waived his right of appeal. And, the trial court's judgment states, "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver pursuant to plea agreement); *see also*

---

[2] Retained counsel represented appellant in the trial court proceeding. After appellant filed his pro se notice of appeal, the trial court appointed counsel to represent appellant on appeal. However, appellant has not responded to the State's motion to dismiss.

TEX. CODE CRIM. PROC. ANN. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). In this case, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" stating:

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing. . . . Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

(Emphasis omitted.)[3] By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Ex parte Broadway*, 301 S.W.3d at 697–98. Because the record demonstrates that he waived his right of appeal, appellant may not appeal his conviction. *See id.* at 698; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *see, e.g.*, *Macias-Sanchez v. State*, No. 14-16-00302-CR, 2017 WL 950129, at *1 (Tex. App.—Houston [14th Dist.] Mar. 9, 2017, no pet.) (mem. op., not designated for publication) (dismissing appeal when appellant's plea documents showed appellant waived right to appeal in exchange for State's waiving right to jury trial).

---

[3] The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" also indicates that the State agreed to abandon an allegation in an enhancement paragraph that appellant had been previously convicted of a felony offense. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.33(a), 12.42(b).

Accordingly, we grant the State's motion to dismiss the appeal and dismiss the appeal for want of jurisdiction. We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).