**Opinion issued December 3, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00838-CR

————————————

**EZRA CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1576111**

---

## MEMORANDUM OPINION

Appellant, Ezra Carter, pleaded guilty to the first-degree felony offense of

aggravated assault with a deadly weapon, causing serious bodily injury to a family

member.[1] The trial court found appellant guilty and assessed his punishment at twenty-five years' imprisonment. The trial court's certification of appellant's right of appeal reflects that appellant waived his right to appeal. Appellant filed a notice of appeal and, notwithstanding the certification, was appointed counsel on appeal. Appellant's appointed counsel subsequently filed a motion to withdraw, along with an *Anders* brief stating that (1) appellant expressly waived his right to appeal in exchange for the State's waiver of its right to a jury trial, and (2) there also are no non-frivolous issues for appeal. *Anders v. California*, 386 U.S. (1967). This Court granted appellant's pro se motion to access the appellate record and a copy of the record was sent to appellant. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response. We dismiss the appeal for want of jurisdiction.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the trial court certified that appellant waived his right of appeal. The trial court's judgment also states "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

---

[1] *See* TEX. PENAL CODE § 22.02(b)(1); *see also* TEX. FAM. CODE §§ 71.0021(a) (dating violence), 71.004(a) (family violence includes dating violence).

2

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver pursuant to plea agreement); *see also* TEX. CODE. CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . .").

In this case, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" stating that "The State and Defendant have no agreement as to sentence, but the State agrees to waive its right to a jury trial in exchange for the defendant's waiver of appeal." More precisely, the State consented to defendant's waiver of his right to jury trial in exchange for defendant's waiver of his right to appeal. *See* TEX. CODE. CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned,

3

however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the state*.") (emphasis added). By providing the required consent for appellant to waive his right to a jury trial, the State gave consideration for appellant's waiver of his right to appeal. *See Carson,* 559 S.W.3d at 494–96; *Ex parte Broadway*, 301 S.W.3d at 697–98. Because the record demonstrates that he waived his right of appeal, appellant may not appeal his conviction. *See Ex parte Broadway*, 301 S.W.3d at 698; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *see, e.g.*, *Miles v. State*, No. 01-19-00047-CR, 2019 WL 3293695, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2019, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal when appellant's plea documents showed appellant waived right to appeal in exchange for State's agreeing to waiver of jury trial); *Macias-Sanchez v. State*, No. 14-16-00302-CR, 2017 WL 950129, at *1 (Tex. App.—Houston [14th Dist.] Mar. 9, 2017, no pet.) (mem. op., not designated for publication) (same).

Accordingly, we dismiss the appeal for want of jurisdiction. Counsel's motion to withdraw and any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Goodman, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).