**Opinion issued September 29, 2020**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00049-CR

————————————

## ROLANDO L. OLIVIA RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1596988

## MEMORANDUM OPINION

Appellant, Rolando L. Olivia Rodriguez, seeks to appeal the judgment in trial

court cause number 1596988 convicting him of the offense of assault of a family

member – previous conviction, and sentencing him to nine years' confinement.[1] We dismiss the appeal for want of jurisdiction.

## Background

Rodriguez pleaded guilty to the third-degree felony offense of assault of a family member with previous conviction. *See* TEX. PENAL CODE § 22.01(b)(2)(B). Rodriguez signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" stating that he (1) does not accept the State's punishment recommendation of ten years' imprisonment as a plea bargain and (2) instead, is entering a guilty plea without an agreed punishment recommendation and requests that the trial court set his punishment. In the document, Rodriguez also states that "Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have."

The trial court entered a judgment convicting Rodriguez of the charged offense and sentenced Rodriguez to nine years' imprisonment. The judgment provides that Rodriguez waived his right to appeal and no permission to appeal has been granted. The trial court's certification of defendant's right to appeal similarly

---

[1] Rodriguez has a related appeal under appellate cause number 01-20-00050-CR from a judgment issued on the same day in trial court cause number 1562399 adjudicating him guilty of the felony offense of assault – continuing family violence and sentencing him to 9 years' confinement. The sentences in both cases run concurrently. Because the appeals involve different facts affecting our jurisdiction, we address the appeals separately.

provides that "The defendant has waived the right of appeal." Rodriguez filed a pro se notice of appeal and, notwithstanding the certification, was appointed counsel on appeal. Rodriguez's appointed counsel subsequently filed a motion to withdraw along with an *Anders* brief stating that there are no non-frivolous issues for appeal. *Anders v. California*, 386 U.S. (1967).

## Discussion

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification is included in the record on appeal and states that Rodriguez waived his right of appeal. As discussed below, the record supports the trial court's certification that Rodriguez waived his right to appeal. *See Dears*, 154 S.W.3d at 615.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). "[A] defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Ex parte*

*Broadway*, 301 S.W.3d at 699; *see Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (concluding that defendant waived right to appeal in exchange for State's abandonment of enhancement pursuant to plea agreement without agreement as to punishment).

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by Rodriguez states that "in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have." More precisely, Rodriguez waived his right to appeal in exchange for the State's consenting to Rodriguez's waiver of his right to jury trial. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the [S]tate.*") (emphasis added). By providing the required consent for Rodriguez to waive his right to a jury trial, the State gave consideration for Rodriguez's waiver of his right to appeal. *See Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 696–99. Because the trial court's certification that Rodriguez waived his

right of appeal is supported by the record and the trial court has not given permission to appeal, Rodriguez has no right of appeal. *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). Counsel's motion to withdraw and any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Lloyd, and Landau

Do not publish. TEX. R. APP. P. 47.2(b).