

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-20-00252-CR

———————————————

**JUSTIN EDWARD HEDGER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 6352; Honorable Stuart Messer, Presiding

November 17, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Justin Edward Hedger, appeals from the trial court's judgment adjudicating him guilty of the offense of possession of marihuana, in an amount of 2,000 pounds or less but more than 50 pounds,[1] and sentencing him to ten years confinement. The trial court's certification of Appellant's right of appeal reflects that Appellant waived

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West 2017) (second degree felony).

his right of appeal.  Notwithstanding the certification, Appellant appealed and asserts that the waiver is invalid.  We dismiss the appeal.

## BACKGROUND

In 2017, Appellant pleaded guilty, pursuant to a plea bargain agreement, to the second-degree felony offense of possession of marihuana and was placed on deferred adjudication community supervision for four years.  The State later moved to revoke Appellant's community supervision and adjudicate his guilt, alleging that he violated six conditions of his probation.  Prior to the adjudication hearing, Appellant executed a sworn *Defendant's Plea on Community Supervision Revocation*, wherein he pleaded true to one of the State's allegations, that he was arrested for possession of marihuana in 2018 and failed to notify his probation officer of the arrest.  In the *Plea*, Appellant affirmed: "I waive any right to appeal I may have in this case."  Appellant and the State also executed *Punishment Recommendations*, recommending a ten-year sentence to the trial court.

At the adjudication hearing, the State announced it was waiving all allegations in its motion to adjudicate except those concerning Appellant's 2018 arrest.  After confirming with Appellant that the plea agreement was entered voluntarily and knowingly, the trial court found Appellant in violation of the conditions of his community supervision, adjudicated him guilty of the original offense, and sentenced him in accordance with the recommended punishment.

## ANALYSIS

A trial court must enter a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  TEX. R. APP. P. 25.2(a)(2).  Appellate

courts are obligated to ascertain whether the certification comports with the appellate record. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). If a certification that shows the defendant has the right of appeal has not been made part of the record, an appellate court must dismiss the appeal. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification shows that Appellant waived his right of appeal. In his pending *Motion to Retain Appeal and Statement of Grounds in Support*, Appellant argues that the plea agreement with the State was never executed because Appellant did not enter a plea to the motion to adjudicate at the hearing. He contends, therefore, that the waiver is invalid.

The hearing record reflects that the trial court did not ask how Appellant pleaded and Appellant did not plea to the allegations in the State's motion to adjudicate. This is irrelevant, however, to the determination of whether Appellant's waiver of appeal is valid. Indeed, there is no requirement that a defendant plea to allegations in a motion to adjudicate. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.751 (West Supp. 2020) (setting forth the procedure for a hearing to revoke community supervision); *Moore v. State*, No. 14-14-00350-CR, 2015 Tex. App. LEXIS 7091, at *9 (Tex. App.—Houston [14th Dist.] July 9, 2015, pet. ref'd) (mem. op., not designated for publication).

Rather, the validity of a waiver of appeal depends on whether the waiver was voluntary, intelligent, and knowing. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver may be knowing and intelligent when the defendant knows the consequences of the waiver, i.e., he knows what his punishment will be and what errors may have occurred at the time of his waiver. *Id*. at 618. Thus, a waiver may be knowing

3

and intelligent where a defendant promises not to appeal in exchange for a recommended sentence and the trial court sentences him accordingly. *Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). A defendant may also knowingly and intelligently waive his appeal as part of a plea agreement when some other consideration is given by the State, even when sentencing is not agreed upon. *Carson v. State*, 559 S.W.3d 489, 496 (Tex. Crim. App. 2018) (finding a waiver valid where appellant promised to waive his right to appeal in exchange for the State's promise to waive a jury trial). A waiver may be valid even when non-negotiated, so long as the defendant understands the consequences of the waiver, such as a wavier executed after sentencing. *Monreal*, 99 S.W.3d at 622.

The record reflects that Appellant executed a plea agreement in which he pleaded true to the motion to adjudicate and waived any right to appeal. In exchange, the State waived certain allegations in its motion to adjudicate and recommended a sentence of ten years. The hearing record shows that Appellant understood, as part of that agreement, that he could not appeal without the trial court's consent. Accordingly, the State provided Appellant consideration for the waiver and Appellant understood the consequences of the waiver. We, therefore, find that Appellant voluntarily, intelligently, and knowingly waived his right to appeal and find that the trial court's certification comports with the record.

### CONCLUSION

For these reasons, we deny Appellant's *Motion to Retain Appeal and Statement of Grounds in Support,* reform the trial court's judgment to reflect "None" as to Appellant's

4

"Plea to Motion to Adjudicate,"[2] and dismiss Appellant's appeal pursuant to Rule of Appellate Procedure 25.2(d).

Per Curiam

Do not publish.

---

[2] This court has the power to modify the judgment of the trial court to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id*. at 529-30.