**Opinion issued November 16, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00087-CR

_____

**ABEL RAMIREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1558533**

---

## MEMORANDUM OPINION

Appellant, Abel Ramirez, seeks to appeal the judgment convicting him of the offense of sexual assault of a child and sentencing him to twelve years' confinement. We dismiss the appeal for want of jurisdiction.

**Background**

Ramirez pleaded guilty to the second-degree felony offense of sexual assault of a child. *See* TEX. PENAL CODE § 22.011(a)(2). Ramirez signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he entered a guilty plea without an agreed punishment recommendation and requested that the trial court set his punishment. In the document, Ramirez states that "Further, in exchange for the [S]tate giving up their right to trial, I agree to waive any right of appeal which I may have."

The trial court entered a judgment convicting Ramirez of the charged offense and sentenced Ramirez to twelve years' imprisonment. The trial court's certification of defendant's right to appeal provides that "The defendant has waived the right of appeal." Notwithstanding the certification, Ramirez filed a notice of appeal.

**Discussion**

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification is included in the record on appeal and states that Ramirez waived his right of appeal. As discussed below, the record supports the trial court's certification that Ramirez waived his right to appeal. *See Dears*, 154 S.W.3d at 615.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ."). "[A] defendant may knowingly and intelligently waive his entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Ex parte Broadway*, 301 S.W.3d at 699; *see Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (concluding that defendant waived right to appeal in exchange for State's abandonment of enhancement pursuant to plea agreement without agreement as to punishment).

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by Ramirez states that "in exchange for the [S]tate giving up their right to trial, I agree to waive any right of appeal which I may have." More precisely, Ramirez waived his right to appeal in exchange for the State's consenting to Ramirez's waiver of his right to jury trial. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial

3

by jury, conditioned, however, that, except as provided by [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court *with the consent and approval of the court, and the attorney representing the [S]tate*." (emphasis added)). By providing the required consent for Ramirez to waive his right to a jury trial, the State gave consideration for Ramirez's waiver of his right to appeal. *See Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 696–99. Because the trial court's certification that Ramirez waived his right of appeal is supported by the record and the trial court has not given permission to appeal, Ramirez has no right of appeal. *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Farris

Do not publish. TEX. R. APP. P. 47.2(b).