**Opinion issued February 9, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00732-CR

———————————

**VICTOR VELA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case No. 92719-CR**

---

## MEMORANDUM OPINION

A jury found appellant, Victor Vela, guilty of the felony offense of aggravated

sexual assault of a child.[1]  The trial court, pursuant to appellant's post-verdict

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B), (e).

agreement with the State, assessed appellant's punishment at confinement for twenty years. Appellant timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

Here, a Brazoria County grand jury returned a true bill of indictment, alleging that on September 11, 2020, appellant "intentionally or knowingly cause[d] the sexual organ of [the complainant], a child younger than fourteen . . . years of age and not [appellant's] spouse, to contact the mouth of [appellant]." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B). Appellant pleaded not guilty and proceeded to a jury trial. After the jury found appellant guilty of the felony offense of aggravated sexual assault of a child, but before the punishment phase of trial began, appellant, on the record, notified the trial court that he had reached an agreement with the State as to punishment.

| The Court: | It's my understanding the State and the defense and yourself have come to an agreement. My understanding of the agreement is the State is offering 20 years in the Texas Department of Criminal Justice. Let me go back. |
| --- | --- |
| | The range of punishment for this case after finding you guilty is not less than 5 years, not more than 99 years or life and a fine not to exceed $10,000. Did you understand that full range of punishment? |
| [Appellant]: | Yes, sir. |

2

| | |
|---|---|
| The Court: | And as part of this plea agreement the State is offering 20 years with jail credit of 450 days, waive all appeals as to guilt and innocence phase of the trial and punishment phase of the trial.<br><br>Is that the State's recommendation? |
| [State]: | Yes, Your Honor. And . . . [appellant] needs to also waive any pretrial or any appellate matters, any appellate issues as well. . . . |
| [Appellant's counsel]: | And, yes, Judge. . . . I don't think there were necessarily any pretrial issues that we took up. But [appellant's] waiver of appeal would be good for the entire trial. Pretrial, trial, and punishment all included. |
| The Court: | All right. And that's your understanding, [appellant's counsel]? |
| [Appellant's counsel]: | Yes. And additionally it's my understanding there is no fine imposed. |
| The Court: | And, [appellant], is that your understanding of the agreement? |
| [Appellant]: | Yes, sir. |

The trial court then sentenced appellant in accordance with his post-verdict agreement with the State.

Appellant also signed a "Sex Crimes Plea Agreement" reflecting his punishment agreement with the State, namely that his punishment would be assessed

at twenty years' confinement, appellant would receive 450 days "jail time credit," and appellant "waive[d] all appeals." By signing the agreement, appellant affirmed that he "underst[ood] the terms of the plea agreement," he "accept[ed] the plea agreement," and he "request[ed] the [trial] court to accept it." Appellant's counsel also signed the "Sex Crimes Plea Agreement," affirming that he believed that appellant understood the plea agreement and counsel joined appellant's request that the trial court accept the agreement.

The trial court's judgment of conviction stated that an agreement had been reached between the State and appellant as to punishment, and pursuant to appellant's post-verdict agreement with the State, the trial court assessed appellant's punishment at confinement for twenty years. And the trial court signed a "Certification of Defendant's Right of Appeal," which is included in the record on appeal, stating that appellant had waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). Appellant also signed the certification. *See id.* The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing

without the trial court's permission. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Williams v. State*, No. 01-19-00293-CR, 2019 WL 4677361, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op., not designated for publication). When a defendant waives his right to appeal in exchange for consideration from the State, a defendant's waiver is made knowingly, intelligently, and voluntarily, and he is prevented from appealing any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d at 697–99; *Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication); *see also Guillory v. State*, No. 01-12-00451-CR, 2012 WL 3776999, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op., not designated for publication). An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

Here, the record shows that appellant voluntarily agreed to waive his right to appeal in exchange for a twenty-year sentence recommendation from the State. *Cf. Williams*, 2019 WL 4677361, at *1; *Guillory*, 2012 WL 3776999, at *1. Appellant's waiver covered all matters, and the trial court did not give appellant permission to appeal. *See Bruner*, 2018 WL 4131088, at *2; *Guillory*, 2012 WL 3776999, at *1.

Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).