**Opinion issued June 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00461-CR

———————————

**CHRISTOPHER JOHN PASCOE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1704869**

## MEMORANDUM OPINION

Appellant Christopher Pascoe pleaded guilty without an agreed sentencing recommendation to the first-degree felony offense of aggravated assault of a family member causing serious bodily injury with a deadly weapon, namely a firearm. *See*

TEX. PENAL CODE § 22.02(a)–(b)(1). The trial court found Pascoe guilty and sentenced him to 20 years' imprisonment. Pascoe timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

The Texas Rules of Appellate Procedure clearly set out the right to appeal for criminal defendants. *See Lewis v. State*, No. 01-22-00303-CR, 2022 WL 1465900, at *1 (Tex. App.—Houston [1st Dist.] Oct. 25, 2022, no pet.) (mem. op., not designated for publication). Texas Rule of Appellate Procedure 25.2 states that in a case where a defendant has voluntarily pleaded guilty, the defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission. *See* TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. Art. 44.02. The trial court must sign a certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Pascoe's counsel filed a letter in lieu of a brief stating that the clerk's record indicates that Pascoe waived his right of appeal. The trial court's certification is included in the record on appeal. *See* TEX. R. APP. P. 25.2(d). It states that the

appellant "has waived the right of appeal." Pascoe and his trial counsel signed the trial court's certification.

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal, one that is made voluntarily, knowingly, and intelligently, prevents a defendant from appealing without the trial court's consent. *See id*.; *Lewis*, 2022 WL 14165900 at *2. "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494; *see Jones v. State*, 488 S.W.3d 801, 804–08 (Tex. Crim. App. 2016) (explaining presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver); *see also* TEX. CODE CRIM. PROC. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . .").

As part of his guilty plea, Pascoe signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" stating that Pascoe agreed to "waive any right of appeal which [he] may have." The document states that Pascoe has not reached an agreement with the prosecutor regarding punishment, but "in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation . . . ." The document also contains trial

3

counsel's affirmation that the agreement was knowingly and freely made after counsel fully discussed the consequences with Pascoe. The trial court signed the document and confirmed that the court had admonished Pascoe regarding the consequences of his plea and believed Pascoe to be mentally competent and entering the plea freely and voluntarily. In exchange for Pascoe's waiver of his right to appeal, the State consented to his waiver of the right to jury trial. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that except as provided by [the Texas Code of Criminal Procedure] [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the [S]tate." By agreeing to the waiver of a jury trial, the State gave consideration for Pascoe's waiver of his right to appeal. *Lewis*, 2022 WL 14165900, at *2.

Although Pascoe attempts to appeal from the trial court's judgment of conviction, the record is clear that he voluntarily waived his statutorily created right of appeal in exchange for the State waiving the right to a jury trial. If a defendant validly waives his right to appeal but nonetheless appeals, we must dismiss his appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675,

4

680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f).


Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).