**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00119-CR**

**NO. 01-23-00120-CR**

**NO. 01-23-00121-CR**

———————————

**JOSEPH ANTHONY GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1704924, 1704925 & 1704926**

---

**MEMORANDUM OPINION**

Appellant, Joseph Anthony Gonzalez, pleaded guilty to three counts of aggravated assault against a public servant. *See* TEX. PENAL CODE § 22.02(b). Appellant pleaded guilty without reaching an agreement with the State as to

punishment. In exchange for the State giving up its right to trial, appellant agreed to waive any right of appeal he might have. On February 10, 2023, the trial court signed judgments of conviction for the offense of aggravated assault against a public servant in each case and finding that appellant used a deadly weapon in the commission of the offenses. The trial court imposed a sentence of life without parole in the Texas Department of Criminal Justice, Correctional Institutions Division, with the three sentences to run concurrently.

On February 14, 2023, Gonzalez filed notices of appeal. Gonzalez subsequently filed motions for new trial in each cause, asserting that his plea was involuntary. The trial court held a hearing on the motions and denied them by order signed on April 26, 2023, stating that the motions had no merit.

A defendant may waive his right to appeal in all but capital cases. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). As part of his guilty pleas, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he waived the right to appeal in each case, stating:

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and **request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing.** I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

2

By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right of appeal. *See id.* at 494. The trial court's certifications state that defendant waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss the appeals for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).