**Opinion issued July 6, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00081-CR

———————————

**CLYDE BOLT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1706592**

---

### MEMORANDUM OPINION

Appellant Clyde Bolt pleaded guilty to the offense of murder. *See* TEX. PENAL CODE § 19.02. The trial court signed a judgment of conviction, assessing punishment at 35 years in the Texas Department of Criminal Justice, Correctional

Institutions Division. Appellant filed a pro se motion for new trial and notice of appeal. We dismiss the appeal.

A defendant may waive his right to appeal in all but capital cases. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). As part of his guilty plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he waived the right to appeal, stating:

> I understand the prosecutor's punishment recommendation is **40 years TDCJ.**
>
> **I do not accept** this recommendation as a plea bargain. Instead, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and **request that my punishment should be set by the judge.** I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right of appeal. *See id.* at 494. The trial court's certification of defendant's right of appeal is included in the records on appeal. *See* TEX. R. APP. P. 25.2. The trial court's certification states that defendant waived the right of appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss the appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

2

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).