**Opinion issued July 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00726-CR

———————————

**EDDIE ROY OLVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Case No. 1596786**

---

## MEMORANDUM OPINION

Appellant, Eddie Roy Olvera, was charged with the felony offense of murder.[1]

After appellant, pursuant to a plea agreement with the State, pleaded guilty to the

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b), (c) (first-degree felony offense).

lesser offense of aggravated assault[2] and true to the allegation in an enhancement paragraph that he had previously been convicted of a felony offense, the trial court, found appellant guilty of the felony offense of aggravated assault and assessed his punishment at confinement for twenty-four years. Appellant filed a notice of appeal.

We reinstate and dismiss the appeal for lack of jurisdiction.

## Background

A Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about July 3, 2018, "unlawfully, intentionally and knowingly cause[d] the death of [the complainant] . . . by striking [the] [c]omplainant with a [m]otor [v]ehicle." The indictment further alleged that appellant "unlawfully intend[ed] to cause serious bodily injury to [the complainant] . . . and did cause the death of [the] [c]omplainant by intentionally and knowingly committing an act clearly dangerous to human life, namely striking [the] [c]omplainant with a [m]otor [v]ehicle." Finally, the indictment alleged that "at the time the [appellant] committed the felony offense of murder . . . he used and exhibited a deadly weapon, namely, a motor vehicle, during the commission of said offense and during the immediate flight from said offense."[3]

---

[2]     *See id.* § 22.02(a) (second-degree felony offense).

[3]     *See id.* § 19.02(b).

Appellant, pursuant to a plea agreement from with the State, pleaded guilty to the lesser offense of aggravated assault. In connection with his plea agreement, on June 29, 2023, appellant signed and filed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he pleaded guilty to the second-degree felony offense of aggravated assault and admitted that he committed the acts alleged in the indictment. Appellant's trial counsel also signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," affirming that he believed that appellant had entered the guilty plea knowingly, voluntarily, and after a full discussion of the consequences of the plea. Trial counsel also affirmed that he believed appellant was competent to stand trial.

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" also included the following waiver of appellant's right to appeal:

> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements[] of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving [its] right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the [trial court] after a pre-sentence investigation report and hearing. . . . I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the [S]tate giving up [its] right to trial, I agree to waive any right of appeal which I may have.

(Emphasis omitted.)

Also, on June 29, 2023, appellant signed written admonishments, acknowledging that he had been indicted the for the felony offense of murder, but that, pursuant to the plea agreement, the State had moved to reduce the charge to aggravated assault. Appellant further acknowledged that he understood the punishment ranges for that offense. Appellant also signed a "Statement and Waivers of Defendant," affirming that he was mentally competent, understood the nature of the charges against him, the trial court's admonishments, and the consequences of his plea, and freely and voluntarily pleaded guilty.

Moreover, appellant represented that he had consulted with his trial counsel about his plea; he "waive[d] and g[a]ve up any time provided [him] by law to prepare for trial"; he was "totally satisfied with the representation provided by [his] counsel and [he had] received effective and competent representation"; he "waive[d] and g[a]ve up [his] right to a jury in th[e] case and [his] right to require the appearance, confrontation and cross[-]examination of the witnesses"; and he "confess[ed] and admit[ted] that [he] committed each and every allegation contained" in the indictment. Appellant requested that the trial court accept his guilty plea.

Further, on June 29, 2023, appellant signed a document titled, "Advice of Defendant's Right of Appeal," explaining that because he "pled guilty," he could not "appeal [his] conviction unless the [trial court gave him] permission." Appellant

4

acknowledged that he "waived or gave up [the] right to appeal, [and he could not] appeal [his] conviction."

Following appellant's plea, the trial court found sufficient evidence of appellant's guilt and that he had entered his guilty plea freely, knowingly, and voluntarily. The trial court admonished appellant of his legal rights and accepted his plea of guilty to the lesser offense of aggravated assault. On June 29, 2022, the trial court signed a certification of appellant's right of appeal, stating that this was "a plea-bargain case, and [appellant] ha[d] NO right of appeal." The certification was also signed by appellant and his counsel. *See* TEX. R. APP. P. 25.2(a)(2), (d).

On September 20, 2022, the trial court entered its judgment of conviction, assessing appellant's punishment at confinement for twenty-four years. The trial court's judgment acknowledged that, pursuant to a plea agreement, the State had agreed to reduce the charge against appellant in exchange for his plea of guilty to the lesser offense of aggravated assault.

On October 5, 2022, the trial court entered a second certification of appellant's right of appeal, stating that this was "not a plea-bargain case, and [appellant] ha[d] the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2), (d). On October 7, 2022, appellant filed a notice of appeal.

On March 20, 2023, appellant's court-appointed appellate counsel filed a "Motion to Abate for Determination of Appellant's Right to Appeal." In the motion,

appellant's court-appointed counsel noted that the trial court's June 29, 2022 certification conflicted with its October 5, 2022 certification. Counsel further stated that "it [was] unclear whether the trial court gave [a]ppellant . . . the right to appeal." Counsel therefore requested that the Court abate the appeal to allow the trial court to "determine the status of [a]ppellant's right to appeal."

The Texas Rules of Appellate Procedure require this Court to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). The rules also permit amendment of a defective certification and prohibit the Court from dismissing an appeal based on the lack of a valid certification when we determine that an appellant has a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Where, as here, there are multiple, conflicting certifications in the appellate record, the inconsistency in certifications must be resolved before the appeal can proceed. *See Lopez v. State*, 595 S.W.3d 897, 899 n.1 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (noting abatement necessary where there are conflicting certifications of appellant's right of appeal).

Accordingly, on April 6, 2023, the Court abated the appeal, remanded the case to the trial court, and directed the trial court to conduct a hearing and make a finding to clarify whether this was a plea-bargain case, and whether appellant had the right

6

of appeal, or if the trial court had granted appellant permission to appeal. The trial court was further directed, if necessary, to execute an amended certification of appellant's right of appeal.

On June 6, 2023, a supplemental clerk's record was filed with this Court. The supplemental clerk's record included an amended certification of appellant's right of appeal, entered on May 25, 2023, stating that this was "a plea-bargain case, and [appellant] ha[d] NO right of appeal." The amended certification was signed by the trial court, appellant, and appellant's counsel. The appellate record supports the trial court's amended certification. *See Dears*, 154 S.W.3d at 615.

## Jurisdiction

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case--that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial

7

court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2).

An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* Tex. R. App. P. 25.2(d); *Dears*, 154 S.W.3d at 613. Here, the record is clear that appellant voluntarily entered a plea of guilty to the lesser offense of aggravated assault without an agreed punishment recommendation from the State. Accordingly, appellant can only appeal those matters raised by written motion filed and ruled on before trial, with the permission of the trial court, or where he was authorized to appeal by statute. *See* Tex. R. App. P. 25.2(a)(2). The record does not reflect that appellant's appeal meets any of these requirements. Thus, appellant may not appeal his conviction.

Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fairley v. State*, Nos. 01-20-00824-CR, 01-20-00825-CR, 2022 WL 210457, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, no pet.) (mem. op., not designated for publication).

Accordingly, we reinstate the appeal to the Court's active docket and dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish.  TEX. R. APP. P. 47.2(b).