

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NOS. PD-0205-17, PD-0206-17,
PD-0207-17, & PD-0208-17**

**GARY CARSON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SIXTH COURT OF APPEALS
BOWIE COUNTY**

NEWELL, J., delivered the opinion of the Court in which KEASLER, HERVEY, ALCALA, RICHARDSON, AND WALKER, JJ., joined. KELLER, P.J., filed a concurring and dissenting opinion. YEARY, J., filed a concurring and dissenting opinion in which KEEL, J., joined and in which KELLER, P.J., joined as to Parts I, II, and III.

**O P I N I O N**

Appellant, Gary Carson, was charged with three counts of assault on a public servant and three counts of bail jumping. After Appellant agreed to waive his right to appeal, the State agreed to waive its right to

a jury trial and the case proceeded before the trial court. Appellant pleaded guilty to all six charges. The trial court accepted Appellant's pleas, found him guilty, and sentenced him. Appellant appealed his conviction. Having found that Appellant's waiver of his right to appeal was invalid, the court of appeals affirmed Appellant's convictions, but reversed the assessment of punishment.[1] Because we find that Appellant's waiver of his right to appeal was valid, we will reverse. We remand this case to the court of appeals to address whether an exception to the waiver rules nevertheless applies in this case in which the trial judge admitted that he considered facts not introduced into evidence when assessing Appellant's sentence.

## Background

The State indicted Appellant on two counts of assault on a public servant based on his interactions with Officer Allen Scott Eudy and Officer Shawn Jacobs on or about January 26, 2014. The indictment also alleged that Appellant was a habitual offender and listed two prior felonies to support that allegation. While Appellant was in jail, he assaulted

---

[1] The court did so in four opinions. *Carson v. State*, 515 S.W.3d 372, 374 n.1 (Tex. App.—Texarkana 2017) ("The charges were made through four separate indictments. . . . We reach the same result in the other three cases, released today in separate opinions under cause numbers 06–15–00171–CR, 06–15–00172–CR, and 06–15–00173–CR.").

Sergeant James Michael. The State subsequently charged Appellant with a third count of assault on a public servant. On July 13, 2015, Appellant appeared in court and entered a plea of not guilty to the three offenses. The trial court set the trial for the next day, and ordered Appellant, who was out of jail on a personal recognizance bond, to appear for trial. Appellant failed to appear for trial on July 14, 2015. The trial court issued a bond forfeiture and alias capias.

Appellant was later arrested in Arkansas. On August 6, 2015, Appellant appeared in the Bowie County District Court and pleaded not guilty to three counts of failure to appear arising out of his failure to appear for the July 14 trial setting. The court set Appellant's trial on the three assault cases for the following week.

The next week, the State waived a jury trial and Appellant pleaded guilty to all six charges and true to the two prior felony offenses, which were listed in his indictments to prove up the State's habitual offender allegations. Appellant's pleas were open pleas with no agreement as to punishment. Appellant had also executed a written waiver of his right to appeal prior to entering the pleas. The trial court accepted Appellant's pleas to each charge and found him guilty of the same. The only evidence admitted at the plea hearing was a set of medical records

detailing Appellant's mental health issues, medications, and treatment, entered by Appellant. The trial court sentenced Appellant to fifty years' imprisonment in each of the assault cases, to run concurrently with each other, and ten years' imprisonment on each of the failure to appear cases, to run concurrently with each other but consecutively to the fifty-year sentences. The trial court certified that Appellant's cases were all plea-bargain cases and that he had no right to appeal.

With the assistance of a newly retained attorney, Appellant filed a motion for new trial arguing that his sentences were disproportionate to his crimes and that his trial counsel was ineffective in his representation of Appellant. At the hearing, the trial court indicated that it had considered the convictions listed in the State's 404(b) notice when deciding upon an assessment of punishment. At the conclusion of the hearing on Appellant's motion for new trial, Appellant objected to the trial court's use of the convictions listed in the State's 404(b) notice as factors in the punishment assessment. Appellant argued that the convictions were never admitted into evidence and, therefore, they were mere allegations that could not be factored into the court's determination of

punishment.[2]  The trial court denied Appellant's motion for new trial.

Appellant then filed a motion to amend the certification of his right to appeal.  Appellant argued that his case was not a plea-bargain case, as indicated on the certifications signed by the trial judge, because there was no agreement as to Appellant's punishment.  Appellant requested the court to grant him permission to appeal or, in the alternative, to certify that Appellant had waived his right to appeal, in which case Appellant advised that he intended to argue an exception to the waiver rule.  Although he indicated that the certificates may not be accurate, the trial court judge declined to amend the certifications and denied Appellant's motion.

## Appeal

Despite his waiver of appeal, Appellant appealed his case.  Appellant argued that his waiver of appeal was invalid.  He also argued that the trial judge was biased against him because the trial court had considered the unproven extraneous offense allegations in the State's 404(b) notice.

According to the court of appeals, Appellant's waiver of his right to appeal was invalid because, at the time he executed the waiver, it was

---

[2]  It is undisputed that the State did not admit evidence of any of the convictions it alleged in its 404(b) notice letter at Appellant's plea and sentencing hearing.

not possible for Appellant to know that the trial court would base its sentence on extrajudicial evidence. *Carson v. State*, 515 S.W.3d 372, 382 (Tex. App.—Texarkana 2017). Additionally, the court of appeals held that Appellant's waiver of appeal was invalid due to a failure of consideration. The court explained that a pre-sentence waiver is valid when it is executed in exchange for a plea agreement with a recommended sentence; however, when there is no agreement on punishment the waiver is invalid. *Id*. at 383.

Additionally, the court distinguished *Ex parte Broadway*, in which we upheld a pre-sentence waiver when the State agreed to waive its right to a jury trial. The court pointed out that the pre-sentence waiver in *Broadway* was executed in order to induce the State to waive a jury trial because only the court could give Broadway deferred adjudication. *Id*. at 384. Thus, the waiver in *Broadway* provided a legal benefit to the defendant. The court found that Appellant did not gain an advantage by waiving his right of appeal in this case and that a jury provided no advantage to either party. *Id*. at 384-85. Therefore, in the absence of some clear benefit to Appellant, it concluded that Appellant's pre-

sentence waiver was unknowing and invalid.[3]

## Discussion

We granted the State's petition for discretionary review on four issues.[4]  Three of the State's issues involve the validity of pre-sentence waivers of the right to appeal; the fourth issue involves whether Appellant preserved error on the trial court's consideration of facts not in evidence at the plea and sentencing hearing.  As explained below, we find that Appellant's pre-sentence waiver of his right to appeal was a valid waiver of his right.  Therefore, Appellant has waived his right to contest the merits of his case on direct appeal, and we do not reach the fourth issue.

### *Waiver of the Right to Appeal*

Generally speaking, a criminal defendant has a statutory right to

---

[3]  With regard to Appellant's claim that he had been denied an impartial judge in violation of due process, the court of appeals held that the trial court's reliance upon extrajudicial sources during punishment was sufficient to show bias and deprivation of due process. *Id*. at 379.  Accordingly, the court of appeals affirmed the convictions but reversed the cases on punishment, remanding for a new punishment hearing. *Id*. at 385-86.

[4]  The issues, as enumerated in the State's petition for discretionary review, are:

1.  Is a waiver of the right to appeal following a plea of guilty without a recommended sentence invalid because the defendant could not know that an error would occur at the punishment phase?
2.  Is the State's waiver of its right to a jury trial adequate consideration to uphold a defendant's waiver in the face of potential future errors and uncertain punishment?
3.  Does the classification of an error affect the validity of an appellant's waiver of his right to appeal?
4.  May the trial court's unobjected-to consideration of facts not in evidence be raised for the first time on appeal?

appeal.[5]  However, a defendant in a non-capital case may waive any rights secured to him by law.[6]  A waiver of the right to appeal must be made voluntarily, knowingly, and intelligently.[7]  A valid waiver will prevent the defendant from appealing any issue unless the trial court consents to the appeal.[8]  Prior to 2000, we had held that pre-trial and pre-sentence waivers of appeals were involuntary and could not be knowingly and intelligently made because "the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during trial."[9]

In *Blanco v. State*, we addressed whether a defendant's pre-trial waiver of appeal was valid when the defendant promised not to appeal his conviction in exchange for the prosecution's promise to recommend to the trial court that it assess a sixteen-year sentence.[10]  In that case, the trial court followed the prosecution's recommendation and sentenced the

---

[5]  TEX. CODE CRIM. PROC. art. 44.02.

[6]  TEX. CODE CRIM. PROC. art. 1.14(a).

[7]  *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003).

[8]  *Id*.

[9]  *Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (quoting *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex. Crim. App. 1976)).

[10]  *Blanco, id.*

defendant to sixteen years' imprisonment, but the defendant still appealed.[11] We noted that the considerations that led us to invalidate pre-trial waivers of the right to appeal in previous cases were less compelling where the defendant knew what his punishment would be if the trial court accepted the plea-bargain and knew what errors may have occurred during trial when he waived his right to appeal.[12] The parties had bargained for the recommended sentence and waiver of defendant's right to appeal, and there was no reason that the State should not be able to insist on the benefit of its bargain.[13] Therefore, we upheld the defendant's pre-trial waiver of his right to appeal.[14]

In *Ex parte Delaney*, we addressed the impact of pre-trial or pre-sentence waivers of the right to appeal punishment issues.[15] Delaney had pleaded guilty without a recommended sentence and waived his right to appeal.[16] His waiver was executed prior to his adjudication and

---

[11] *Id*.

[12] *Id*. at 219-20.

[13] *Id*. at 220.

[14] *Id*.

[15] 207 S.W.3d 794 (Tex. Crim. App. 2006).

[16] *Id*. at 795.

sentencing, was unbargained for, and the punishment was uncertain.[17]

The trial court placed Delaney on deferred adjudication, which was

ultimately revoked; his guilt was adjudicated, and he was sentenced to

confinement for life.[18]  We found that Delaney had not validly waived his

right to appeal.[19]  We noted that regardless of the fact that the defendant

was placed on deferred adjudication, the punishment that could be

assessed if his guilt was adjudicated was not certain so the consequences

of the waiver were unknown.[20]  We held that in order for a pre-trial or

pre-sentence waiver of the right to appeal to be binding at the

punishment phase of trial, the waiver must be voluntary, knowing, and

intelligent.[21]  We noted that one way to determine if the waiver meets

this criteria is for the actual punishment or maximum punishment to have

been determined by a plea agreement when the waiver was made.[22]

More recently, we were asked to determine whether a defendant can

voluntarily waive his appeal when sentencing was not agreed upon, but

---

[17] *Id*. at 798.

[18] *Id*. at 796.

[19] *Id*. at 799.

[20] *Id*. at 798.

[21] *Id*. at 799.

[22] *Id*.

where consideration was given by the State.[23]  In *Ex parte Broadway*, we held that the State's waiver of its right to a jury trial was consideration given in exchange for the defendant's waiver of his right to an appeal.[24] A key fact that led us to that holding was that the defendant had negotiated with the State and induced it to waive a jury trial.[25]  The defendant wanted to proceed before the trial court because a jury could not place him on deferred adjudication, but the trial court could.[26]  The record indicated that the State did not want to consent to waive its right to a jury, but did so in exchange for the defendant's waiver of his right to appeal.[27]

Unlike in *Delaney*, the State did not merely consent to a bench trial on punishment in *Broadway*.[28]  Although *Broadway* was not a plea-bargain case in which the State recommended a punishment, it did contain "a bargain of a different sort," which was missing in *Delaney*.[29]

---

[23]  *Ex parte Broadway*, 301 S.W.3d 694, 695-96 (Tex. Crim. App. 2009).

[24]  *Id*. at 698-99.

[25]  *Id*. at 698.

[26]  *Id*.

[27]  *Id*. at 697-98 (noting that the State must consent to a defendant's waiver of a jury trial, but did not want to in this case).

[28]  *Id*.

[29]  *Id*. at 697-98.

Consent to proceed to a bench trial, thus waiving the right to a jury trial, by itself is not sufficient to qualify as consideration for defendant's waiver of his right to appeal. Rather, the record must show that the State gave up its right to a jury in exchange for the defendant's waiver of his appeal.[30]

From this review, we determined that a defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon.[31] In *Broadway*, the defendant received consideration from the State, by way of its waiver of its right to a jury, in exchange for his waiver of his right to appeal; therefore, his waiver was valid.[32]

The State argues that we should abandon the requirement of finding either a bargain between the State and the defendant or knowledge of the consequences in determining whether an open plea is knowingly and intelligently made. However, as outlined above, these requirements have

---

[30] *See Washington v. State*, 363 S.W.3d 589, 590, nn.2-3 (Tex. Crim. App. 2012) (per curiam) (noting that the record must confirm that the State gave consideration for the defendant's waiver; specifically comparing evidence of consideration on the record in *Broadway* and the lack thereof in *Delaney*).

[31] *Id*. at 699. In *Jones v. State*, we extended this holding to situations in which the defendant waives his right to appeal in exchange for the State's abandonment of an enhancement, pursuant to a plea agreement. 488 S.W.3d 801, 808 (Tex Crim. App. 2016).

[32] *Broadway*, 301 S.W.3d at 699.

developed over time and are part of the fabric of our jurisprudence. We do not overturn our precedent lightly.[33] So long as a prior decision was not poorly reasoned or unworkable, we will follow that precedent.[34] We are not persuaded that *Blanco*, *Delaney*, or *Broadway* were poorly reasoned. Nor have they proven unworkable. We are easily able to apply these cases to determine the outcome in this present case.

*Appellant's Waiver of the Right to Appeal*

In the present case, the key issue is whether the State gave consideration for Appellant's waiver of his right to appeal. The State argues that, under *Broadway*, its waiver of its right to a jury trial is sufficient consideration and, therefore, Appellant's waiver of his right to appeal is valid. Appellant argues that there was no consideration because the trial court's reliance on extrajudicial sources in its sentencing decision was "eating through the framework of the relevant proceedings," undermining any consideration.[35] After reviewing the record, we find that Appellant negotiated with the State in order to ensure that he would have his case heard by the trial court, as opposed to a jury.

---

[33] *Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000).

[34] *Id*. at 571-72.

[35] Appellant also argues that even if there was consideration, his due process rights to a fair and unbiased judge should take precedence.

At a pre-trial hearing the week before Appellant's trial setting on the three assault charges, Appellant's counsel specifically asked the prosecutor if she was going to waive the jury. The prosecutor responded, "No. I don't intend to waive." The following week Appellant pleaded guilty to all six charges, and the trial court found Appellant guilty and sentenced him. The testimony of Appellant's trial counsel at the hearing on his motion for new trial sheds some light on what occurred between the pre-trial hearing and Appellant's guilty-plea hearing. Appellant's trial counsel testified that he believed Appellant had waived his right to appeal because he had "negotiated to get the State to waive a jury."

> [Y]'all wanted a jury trial if he didn't waive his right to appeal. So in consideration for waiving – y'all, being the State waiving jury, we were still waiving a right to appeal because you had informed me, well if we're going to have do to an appeal and everything then we might as well go to a jury trial.

The prosecuting attorney confirmed that she had informed trial counsel that she would want to go to a jury if Appellant intended to appeal. Trial counsel stated that he had explained to Appellant that his best chance at a less severe punishment was to have the trial court assess his punishment. Therefore, in order to ensure that the trial court would assess Appellant's punishment, he had to waive his right to appeal, despite the fact that he was entering an open plea.

When pressed about whether the State's waiver of a jury trial was really consideration to Appellant, trial counsel responded that "it was consideration to [Appellant] because [Appellant] did not want a jury trial." The prosecutor and Appellant's trial counsel also discussed that they had gone against each other in several cases. Appellant's trial counsel indicated that, based on his knowledge of the prosecutor, Appellant's waiver of his right to appeal was the only way to ensure his entire case would be tried before the trial court.

Given these exchanges, it is clear that Appellant's trial counsel and the prosecutor had discussed the possibility of going to a jury and Appellant's desire not to do so. It is also apparent that the State did not want to consent to a bench trial if there was a possibility of a later appeal. On this record, we find that Appellant negotiated a bargain of a different sort, similar to that in *Broadway*. The State's waiver of its right to a jury trial in this case was similarly induced by Appellant's waiver of his right to appeal. Therefore, we hold that Appellant's waiver was made in exchange for consideration given by the State and, thus, was voluntary, knowing and intelligent.

Appellant argues, as he did to the Sixth Court of Appeals, that his case falls under the *Rankin/Young* exception to the waiver rule. Under

this exception a defendant who pleaded guilty or no contest, and waived or forfeited his right to appeal, may still appeal an error when the judgment depends upon or is supported by the error.[36] However, based on its ruling that Appellant's waiver was invalid, the court of appeals specifically declined to address this argument. As we did not grant discretionary review on this issue, the parties have not fully briefed it. We decline to review it at this time.

## Conclusion

Appellant negotiated with the State and promised to waive his right to appeal in exchange for the State's promise to waive a jury. Given the circumstances in this case, we hold that the State's waiver of its right to a jury was sufficient consideration to render Appellant's waiver of his right to appeal knowing and intelligent. Because we find that Appellant's waiver of his right to appeal was valid, we do not reach the State's issue on preservation of error. Although we find Appellant's waiver of his right to appeal was valid, we remand this case to the court of appeals to address the unanswered question of whether Appellant's claim meets an exception to the waiver rules.

---

[36] *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001); *Young v. State*, 8 S.W.3d 656, 666-667 (Tex. Crim. App. 2000).

Delivered: September 19, 2018

Publish