COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        William Whitfield v. The State of Texas

Appellate case number:    01-18-01141-CR

Trial court case number:   1586194

Trial court:              185th District Court of Harris County

Appellant, William Whitfield, pleaded guilty to the first-degree felony offense of aggravated robbery—deadly weapon on October 16, 2018, without an agreed punishment recommendation from the State. However, appellant's plea waiver stated that appellant did not accept the State's punishment recommendation of 25 years' confinement as a plea bargain and, instead, that he intended to enter an open plea without an agreed recommendation and requested that his punishment be set by the trial judge. It also stated that he agreed to waive his right to appeal in exchange for the State's agreement to waive its right to a jury trial. His plea waiver further stated that he waived his right to have any of his hearings recorded. The trial court's October 16, 2018 certification of appellant's right to appeal states that he waived the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

At the November 15, 2018 punishment hearing, appellant, with trial counsel Augustine Tyrone Pink, entered his guilty plea, with the trial court admonishing appellant that it was without an agreed recommendation from the State. The trial court then adjudicated appellant guilty and assessed his punishment at 15 years' confinement. Appellant timely filed a pro se notice of appeal on December 3, 2018. The trial court's December 20, 2018 certification of appellant's right to appeal indicates that this is not a plea-bargain case and that he does have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

No notice of appearance by counsel has been filed and, although appellant's brief was due by February 7, 2019, no brief has been filed, which generally requires notice to be sent to counsel before this Court may abate this appeal for a hearing. *See* TEX. R. APP. P. 38.8(b)(2), (3). However, on February 19, 2019, appellant filed a pro se change of address with this Court and because no order signed by the trial court granting trial counsel's withdrawal was filed with the clerk's record, and this appeal has not been exhausted, Augustine Tyrone Pink continues as appellant's counsel until permitted to withdraw. *See*

TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West 2009) (requiring attorney to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record"). The Clerk of this Court is directed to add **Augustine Tyrone Pink** as appellant's counsel.

The Rules of Appellate Procedure require this Court to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when the Clerk of this Court receives the record, it is obligated to review the record to ascertain whether the certification is defective and, if it is defective, it must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

The Clerk of this Court has examined the clerk's record in the above-referenced related appeal and has determined that the trial court's certification of appellant's right of appeal may not comport with the Texas Rules of Appellate Procedure because it may be defective. *See* TEX. R. APP. P. 25.2(d), 34.5(a)(12), 37.1; TEX. CODE CRIM. PROC. ANN. § 44.02 (West 2006). The trial court's last certification, signed on December 20, 2018, states that this was not a plea-bargained case and that defendant has the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). However, after a review of the clerk's record, this later certification may be defective because on October 16, 2018, appellant had pleaded guilty without an agreed punishment recommendation and requested that his punishment be set by the trial judge, but the State waived its right to a jury trial in exchange for appellant waiving his right to appeal. *See Carson v. State*, 559 S.W.3d 489, 496 (Tex. Crim. App. 2018) (holding "that the State's waiver of its right to a jury was sufficient consideration to render Appellant's waiver of his right to appeal knowing and intelligent."); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and voluntarily waive appeal without agreement when State gives consideration by consenting to waiver of jury trial). This order constitutes notice to all parties of the apparent defective certification of the right of appeal. *See* TEX. R. APP. P. 37.1.

Accordingly, the Court **abates** this appeal and **remands** the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Augustine Tyrone Pink, shall be present.*

---

\*      Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

This Court directs the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal;
2) If necessary, execute an amended certification of appellant's right to appeal;
3) If no amended certification is necessary, determine whether appellant is indigent;
4) if appellant is indigent, determine whether good cause exists to relieve Augustine Tyrone Pink of his duties as appellant's appellate counsel;
   a. if good cause exists to remove counsel, enter a written order relieving Augustine Tyrone Pink of his duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant;
   b. if good cause does not exist to remove counsel, provide a final deadline by which Augustine Tyrone Pink must file an appellant's brief in this Court, which shall be no more than 30 days from the date of the hearing;
5) Make any other findings and recommendations the trial court deems appropriate; and
6) Enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

The court coordinator of the trial court shall set a hearing date **within 30 days of the date of this order** and notify the parties. The trial court shall have a court reporter record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's amended certification, findings, and orders, if any, with this Court **within 10 days of the date of the hearing**. The court reporter is directed to file the supplemental reporter's record of the hearing **within 10 days of the date of the hearing**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when supplemental records that comply with this Order are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: _____/s/ Laura C. Higley_____
                    x  Acting individually     ☐ Acting for the Court
Date: __March 5, 2019_____

3