**Opinion issued December 31, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-20-00093-CR

———————————————

**RYAN STEPHON HARRISON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1617692**

---

## MEMORANDUM OPINION

Ryan Stephon Harrison appeals from his judgment of conviction for the offense of aggravated robbery. Because Harrison entered into a plea bargain in which he waived his right to appeal in exchange for the State consenting to his waiver of a jury trial, we dismiss his appeal for lack of jurisdiction.

## BACKGROUND

A grand jury indicted Harrison for the offense of aggravated robbery. The indictment alleged that he used a deadly weapon, a firearm, while committing theft and placed his victim in fear of imminent bodily injury and death.

Harrison pleaded guilty. Before doing so, he signed a written waiver of constitutional rights, in which he waived his right to a jury trial. His written waiver also included the following waiver of his right to appeal:

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing. I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

Harrison initialed another document about the right to appeal that explained, "If you waived or gave up your right to appeal, you cannot appeal your conviction." Consistent with his waiver of his right to appeal, the trial court certified that this is a plea-bargain case and Harrison has no right of appeal.

Harrison asked the trial court to put him on community supervision rather than assessing a punishment of confinement. After a sentencing hearing, the trial court assessed his punishment at 15 years of confinement.

Harrison moved for a new trial. He argued that his lawyer provided ineffective assistance by failing to investigate mitigating background facts and failing to present these facts at the sentencing hearing. In particular, Harrison complained that his lawyer did not present evidence of Harrison's mother's serious health problems, Harrison's responsibility for her care, and the difficult childhood Harrison had as a result of this responsibility.

The trial court held a hearing on Harrison's new-trial motion. At the hearing's end, the trial court denied the motion.

Harrison appeals.

## DISCUSSION

On appeal, Harrison raises several issues. He argues that:

- the trial court erred in excluding evidence at the sentencing hearing;

- his lawyer provided ineffective assistance at the sentencing hearing;

- the trial court denied his right to a hearing on his new-trial motion; and

- the trial court erred in denying his new-trial motion;

The State responds that we lack appellate jurisdiction to decide these issues.

### Applicable Law

A defendant has a statutory right to appeal from his conviction. *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). In all but capital cases, a

3

defendant may waive his right to appeal. *Id.* A valid waiver bars a defendant from appealing any issue unless the trial court consents to the appeal. *Id.* at 493.

A defendant may waive his right to appeal before punishment is assessed even if there is no agreement as to punishment, provided that his appeal waiver is part of a bargain. *Id.* at 494. To satisfy this bargained-for requirement, the State must give some consideration in exchange for the defendant's waiver of his right to appeal. *Id.* As a defendant must have the State's consent to waive his right to a jury trial, the State's consent to a jury-trial waiver is adequate consideration for an appeal waiver. *See id.*; *see also* TEX. CODE CRIM. PROC. art. 1.13(a) (defendant's right to waive jury trial conditioned on State's consent). But for this type of plea bargain to be valid, the record must show that the State gave its consent to a jury-trial waiver in exchange for the defendant's waiver of his right to appeal. *Carson*, 559 S.W.3d at 492. A written waiver in which the defendant affirmatively states that he is giving up his right to appeal in exchange for the State's consent to his jury-trial waiver satisfies this requirement. *Lopez v. State*, 595 S.W.3d 897, 900–01 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

If a defendant validly waives his right to appeal but nonetheless appeals, we must dismiss the appeal for lack of jurisdiction. *Buck v. State*, No. PD-0921-18, 2020 WL 3067576, at *1 (Tex. Crim. App. June 10, 2020) (per curiam).

When a trial court enters a judgment of guilt, it must certify whether the defendant has a right to appeal. TEX. R. APP. P. 25.2(a)(2). If the defendant appeals, the record must include the trial court's certification of his right to appeal. TEX. R. APP. P. 25.2(d). If the record does not contain a certification showing the defendant has the right to appeal, then we must dismiss his appeal. *Id.*

**Analysis**

Harrison waived his right to appeal. His written waiver explicitly states: "in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have." More precisely, Harrison waived his right to appeal in exchange for the State's consent to his waiver of his right to a jury trial. In addition, the trial court entered a certification stating that this is a plea-bargain case and Harrison has no right to appeal from his judgment of conviction.

Our sister court has held that a written waiver containing the same basic language as Harrison's is sufficient proof of a bargained-for appeal waiver. *Lopez*, 595 S.W.3d at 900–01. We have also held so in several unpublished decisions. *Rodriguez v. State*, No. 01-20-00049-CR, 2020 WL 5778808, at *1 (Tex. App.—Houston [1st Dist.] Sept. 29, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Flores v. State*, No. 01-20-00244-CR, 2020 WL 2988564, at *2 (Tex. App.—Houston [1st Dist.] June 4, 2020, no pet.) (per curiam) (mem. op., not designated for publication); *Carter v. State*, No. 01-18-00838-CR, 2019 WL

5

6482405, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2019, no pet.) (per curiam) (mem. op., not designated for publication); *Miles v. State*, No. 01-19-00047-CR, 2019 WL 3293695, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2019, pet. denied) (per curiam) (mem. op., not designated for publication); *Carter v. State*, No. 01-18-00116-CR, 2019 WL 2621734, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

Though Harrison filed a reply brief, he has not addressed the State's argument that we lack jurisdiction to hear this appeal because he waived his right to appeal. Harrison does not dispute that he signed an appeal waiver. Nor does he otherwise challenge the appeal waiver's validity. Because this appeal is indistinguishable from *Lopez* and our prior unpublished decisions, we hold that we lack jurisdiction due to Harrison's appeal waiver.

## CONCLUSION

We dismiss this appeal for lack of jurisdiction.

Gordon Goodman
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

Do Not Publish. TEX. R. APP. P. 47.2(b).

6