Opinion issued August 31, 2023



In The

# Court of Appeals

For The

## First District of Texas

—————————————

**NO. 01-23-00134-CR**

**NO. 01-23-00135-CR**

**NO. 01-23-00136-CR**

———————————————

**ARIEL CORDOBA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1711923, 1711123, 1711124**

---

**MEMORANDUM OPINION**

Appellant Ariel Cordoba ("Cordoba") seeks to appeal the judgment of the trial court convicting her of the first-degree felony offense of aggravated sexual assault and sentencing her to twenty years' confinement.

We dismiss the appeal for want of jurisdiction.

## Background

Cordoba pleaded guilty to the first-degree felony offense of aggravated sexual assault without an agreed recommendation as to punishment. Cordoba signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" ("Waiver of Rights") stating she entered a guilty plea without an agreed punishment recommendation and requested the trial court to set her punishment. After a pre-sentencing hearing, the trial court entered a judgment convicting Cordoba of the charged offense and sentencing her to a term of twenty years in the Texas Department of Criminal Justice Correctional Institution Division. The judgment states, "APPEAL WAIVED, NO PERMISSION GRANTED." The trial court's "Certification of Defendant's Right of Appeal" ("Certification") similarly provides that Cordoba's trial court case was "a plea-bargain case, and [Cordoba] has NO right of appeal."

Cordoba subsequently filed a notice of appeal.

## Discussion

A defendant in any criminal case has a right of appeal. TEX. CODE CRIM. PROC. art 44.02; TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a)(2) provides that in a criminal case, a trial court "shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt other

2

appealable order."[1]  *Id.* at 25.2(a)(2).  When the defendant is the appellant in a criminal case, "the record must include the trial court's certification of the defendant's right of appeal."  TEX. R. APP. P. 25.2(d).  If the certification showing the defendant has the right of appeal has not been made part of the record, the appeal must be dismissed.  *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The trial court's Certification and Cordoba's Waiver of Rights are both included in the appellate record.  The Certification provides that Cordoba "has NO right of appeal."  And the Waiver of Rights provides that Cordoba waived her right of appeal.  As discussed below, the record supports the trial court's Certification that Cordoba waived her right to appeal.  *See Dears*, 154 S.W.3d at 615.

A defendant in any criminal prosecution for any offense may waive any rights secured her by law.  TEX. CODE CRIM. PROC. art 1.14.  A valid waiver of appeal— one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent.  *Carson v. State*, 559 S.W.3d 489, 492– 93 (Tex. Crim. App. 2018).  "[A] defendant may knowingly and intelligently waive h[er] entire appeal as a part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver."  *Id.* at 492–93 ("State's

---

[1]  The Rule provides an exception for orders "appealable under Code of Criminal Procedure Chapter 64."  TEX. R. APP. P. 25.2(a)(2).

waiver of its right to a jury was sufficient consideration to render Appellant's waiver of his right to appeal knowing and intelligent."); *see also Ex parte Broadway*, 301 S.W.3d 694, 697-98 (Tex. Crim. App. 2009) (holding that defendant's waiver of his right to jury trial in open plea case for trial court's consideration of deferred-adjudication community supervision with drug treatment constituted bargain.).

Under the Code of Criminal Procedure, a defendant may not waive her right to a jury trial unilaterally. The court and the State must consent to the waiver. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by [a]rticle 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the [S]tate."). In her Waiver of Rights, Cordoba stated that in open court and prior to entering her plea, she "waive[d] the right of trial by jury," and that "in exchange for the State waiving [its] right to a jury trial" she intended "to enter a plea of guilty without an agreed recommendation of punishment . . . ." Cordoba

further stated that "in exchange for the [S]tate giving up [its] right to trial, [she] agree[d] to waive any right of appeal which [she] may have."

Cordoba thus waived her right of appeal in exchange for consideration from the State. *See* TEX. CODE CRIM. PROC. art. 1.13(a); *Carson*, 559 S.W.3d at 492–96; *Ex parte Broadway*, 301 S.W.3d at 696–99. The trial court's Certification that Cordoba has "NO right of appeal" is supported by the record.

Because the trial court has not given Cordoba permission to appeal, Cordoba has no right of appeal. *Dears*, 154 S.W.3d at 613. We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

All pending motions are denied as moot.

## PER CURIAM

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).