**Opinion issued June 18, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00772-CR

_____

**KEVIN BRANTLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1572990**

---

## MEMORANDUM OPINION

Appellant Kevin Brantley filed a notice of appeal of the trial court's September 29, 2023 judgment convicting him of murder. Brantley, originally charged with capital murder, entered a plea of guilty to murder and requested that his punishment be set by the trial court. The trial court's certification of Brantley's

right of appeal dated October 6, 2022, annexed to the notice of appeal and contained in the clerk's record, had markings that reflected both that Brantley has the right of appeal and waived the right of appeal. Brantley's appointed counsel filed a Motion to Abate to Determine Brantley's Right to Appeal, stating that "[d]ue to the conflicting information in the clerk's record," he could not "certify to this Court that . . . Brantley in fact waived his right to appeal."

On March 14, 2024, we granted the motion, abated the appeal, and remanded the case to the trial court for the trial court to execute an amended certification that clarified whether Brantley retained or waived his right of appeal. *See* TEX. R. APP. P. 25.2(f). In response to our order, the trial court filed a supplemental clerk's record, containing an amended certification dated March 20, 2024, reflecting that Brantley "waived the right of appeal." Brantley's appointed appellate counsel also filed a notice stating we lack jurisdiction over the appeal because the appellate record "affirmatively shows [that Brantley] has no right to appeal because he waived his right to appeal[,] and supports a finding that [his] waiver of appeal is valid."

A defendant in any criminal prosecution for any offense may waive any rights secured him by law. TEX. CODE CRIM. PROC. art 1.14. A valid waiver of appeal— one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). "[A] defendant may knowingly and intelligently waive

2

his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Id.* at 494 ("hold[ing] that the State's waiver of its right to a jury was sufficient consideration to render Appellant's waiver of his right to appeal knowing and intelligent").

Under the Code of Criminal Procedure, a defendant may not waive his right to a jury trial unilaterally. The court and the State must consent to the waiver. *See* TEX. CODE CRIM. PROC. art. 1.13(a) ("The defendant in a criminal prosecution for any offense other than a capital felony case in which the [S]tate notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that, except as provided by Article 27.19, the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the [S]tate."). In his Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession dated October 6, 2022, Brantley stated in open court and prior to entering his plea, that he "waive[d] the right of trial by jury," and that "in exchange for the State waiving [its] right to a jury trial, [he] intend[ed] to enter a plea of guilty without an agreed recommendation of punishment from the [State] . . . ." Brantley further stated that "in exchange for the [S]tate giving up [its] right to trial, [he] agree[d] to waive any right of appeal which [he] may have." Brantley thus waived his right of appeal in exchange for consideration from the

3

State.  *See* TEX. CODE CRIM. PROC. art. 1.13(a); *Carson*, 559 S.W.3d at 492–96.  The trial court's amended certification stating that Brantley "waived the right of appeal" is supported by the record.

The abatement is lifted and the appeal is reinstated on this Court's active docket.  We dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We deny any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

4