**Opinion issued August 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00069-CR**

———————————

**ANTHONY PAUL SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 482nd District Court
Harris County, Texas
Trial Court Case No. 1725053

## MEMORANDUM OPINION

Appellant, Anthony Paul Smith, was charged with the felony offense of aggravated sexual assault of a child under the age of six.[1] Pursuant to the Texas Penal Code, "the minimum term of imprisonment" for the offense of aggravated

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a), (c), (f)(1).

sexual assault "is increased to 25 years if the victim of the offense is younger than six years of age at the time the offense is committed." *See* TEX. PENAL CODE ANN. § 22.021(f)(1). In accordance with a plea agreement, the State agreed, in exchange for appellant's voluntary and intentional guilty plea, to reduce the charge against appellant from aggravated sexual assault of a child under six, carrying an increased minimum sentence, to the lesser charge of aggravated sexual assault of a child under fourteen. Also, as a part of the plea agreement, the State agreed to abandon an enhancement paragraph that appellant had been previously convicted of a felony offense.

In accordance with his plea agreement with the State, the trial court found appellant guilty and assessed his punishment at confinement for thirty-five years. Appellant, acting pro se, timely filed a notice of appeal from the trial court's judgment.

We dismiss the appeal for lack of jurisdiction.

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify

whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Accordingly, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

The clerk's record in this case included a certification of appellant's right of appeal stating that this was "a plea-bargain case, and the [appellant] ha[d] NO right of appeal." The clerk's record in this case also included the plea waivers and plea terms, confirming that appellant agreed to plead guilty to the offense of aggravated sexual assault of a child under the age of fourteen in exchange for the State's agreements (1) to reduce the charge against appellant from aggravated sexual assault

3

of a child under the age of six to the lesser charge of aggravated sexual assault of a child under fourteen and (2) to abandon an enhancement paragraph. Further, the trial court's judgment stated that appellant waived his right to appeal, and there is no indication in the appellate record that the trial court granted appellant permission to appeal.

The appellate record supports the trial court's certification. Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).