**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

### NO. 01-24-00822-CR

————————————

## ASHTON SCOTT DAYS-CARTER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 208th District Court
### Harris County, Texas
### Trial Court Case No. 1686955

---

### MEMORANDUM OPINION

Appellant, Ashton Scott Days-Carter, pleaded guilty to the felony offense of murder.[1] Appellant, without an agreed punishment recommendation from the State,

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b), (c) (identifying murder as first-degree felony offense).

pleaded guilty, with punishment to be assessed by the trial court after completion of a pre-sentence investigation. As a part of the agreement between appellant and the State, the State agreed to "cap[] the range of punishment at [appellant's] sentencing hearing" to forty years' confinement.[2] On October 3, 2024, the trial court entered a judgment of conviction, sentencing appellant to thirty years' confinement. Appellant filed a notice of appeal from his conviction on October 11, 2024.

We dismiss the appeal for lack of jurisdiction.

## Background

Appellant pleaded guilty to the felony offense of murder. In connection with his plea of guilty, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he waived his right to a jury trial. This written waiver, signed by appellant, also included the following waiver of his right to appeal:

> In exchange for the State waiving [its] right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the [State] and request that my punishment should be set by the [trial court] after a pre-sentence investigation report and hearing. I understand that as a part of the agreement, the State has capped the range of punishment at my sentencing hearing at 40 years. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the [S]tate giving up [its] right to trial, I agree to waive any right of appeal which I may have.

---

[2] An individual adjudged guilty of a first-degree felony offense is subject to a sentence of confinement "for life or for any term of not more than 99 years or less than 5 years." *See* TEX. PENAL CODE ANN. § 12.32(a).

The appellate record also includes a document titled "Advice of Defendant's Right of Appeal," signed by appellant, explaining that because appellant "waived or gave up [the] right to appeal, [he could not] appeal [his] conviction."

In accordance with the terms of the plea agreement, the trial court entered a certification of appellant's right of appeal, signed by appellant, appellant's court-appointed trial counsel, and the trial court, reflecting that appellant had no right of appeal. This certification is supported by the appellate record.

After a sentencing hearing, the trial court assessed appellant's punishment at confinement for thirty years.

### Jurisdiction

Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, in any non-capital case a defendant may waive his right of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a); *Carson*, 559 S.W.3d at 492. Where a defendant executes a valid waiver of his right of appeal, he is barred from appealing any issue unless the trial court grants permission to appeal. *Id.* at 493.

The Texas Court of Criminal Appeals has held that, as a part of a plea bargain agreement, a criminal defendant may waive his right to appeal even where there is

no agreement with the State as to a punishment recommendation.[3]  *See id.* at 494 ("[A] defendant may knowingly and intelligently waive his appeal as a part of a plea when consideration is given by the State, even when sentencing is not agreed upon.").  For this waiver of the right of appeal to be valid, "the record must show that the State gave up its right to a jury in exchange for the defendant's waiver of his appeal."  *See id.*  A written waiver in which the defendant affirmatively states that he is giving up his right of appeal in exchange for the State's consent to his jury-trial waiver satisfies this requirement.  *See Lopez. v. State*, 595 S.W.3d 897, 900–01 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).  Here, the record includes such a written waiver, as appellant's plea documents, signed by appellant and his court-appointed counsel, affirmatively state that "in exchange for the [S]tate giving up [its] right to trial, [appellant] agree[d] to waive any right of appeal which [he] may have."

Additionally, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Texas Rule of Appellate Procedure 25.2(a)(2) states that in a case where a defendant

---

[3]  We note that, although there was no agreement with the State as to a punishment recommendation, the plea documents in the appellate record indicate that the State agreed to "cap[] the range of punishment at [appellant's] sentencing hearing" to forty years' confinement.  The State could have sought punishment of up to life imprisonment for appellant, who was indicted for the first-degree felony offense of murder.  *See* TEX. PENAL CODE ANN. § 12.32(a).

voluntarily pleaded guilty, the defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(A)-(B). As noted above, pursuant to appellant's plea agreement with the State, including appellant's waiver of his right of appeal, the trial court signed a certification in the underlying case stating that appellant had no right of appeal in this case.

The record here is clear that appellant voluntarily waived his statutorily-created right of appeal in exchange for the State waiving its right to a jury trial. *See Carson*, 559 S.W.3d at 496 (holding that "State's waiver of its right to a jury was sufficient consideration to render [a]ppellant's waiver of his right to appeal knowing and intelligent"); *Lopez*, 595 S.W.3d at 900–01 ("A waiver of appeal prior to sentencing may be valid if it is bargained for–that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon."). The record is further clear that the trial court did not grant appellant permission to appeal.

Because appellant has no right of appeal, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Guerra, Caughey, and Morgan.

Do not publish.  TEX. R. APP. P. 47.2(b).