**Opinion issued May 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00095-CR**

**NO. 01-25-00096-CR**

————————————

**DONTE NIJEL GENTRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1735118 & 1815605**

## MEMORANDUM OPINION

Appellant Donte Nijel Gentry seeks to appeal the judgments in trial court

cause numbers 1735118 and 1815605 convicting him of aggravated robbery with a

deadly weapon and aggravated assault of a family member.[1] After he pled guilty to both offenses, the trial court held a Pre-Sentence Investigation hearing, found Gentry guilty, and sentenced him to 22 and 20 years in jail with the sentences to run concurrently. Gentry filed a notice of appeal in each cause. We dismiss the appeals.

## Discussion

A defendant may waive his right to appeal in all but capital cases. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). As part of his guilty plea in both trial court cause numbers, Gentry signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he waived the right to appeal, stating:

> I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the judge. I understand that I have not reached an agreement with the prosecutor as to punishment, and the prosecution reserves the right to argue for any sentence within the available range of punishment at my sentencing hearing. **Further, in exchange for the state waiving its right to a jury trial which then includes within the permissible range of sentence deferred adjudication community supervision, I agree that I have knowingly, intentionally, and voluntarily waived any right of appeal which I may have**.

---

[1] *See* TEX. PENAL CODE §§ 22.02, 29.03.

By agreeing to waive its right to a jury trial, the State gave consideration for Gentry's waiver of his right of appeal. *See id*. at 494. The trial court's certification of defendant's right of appeal is included in the appellate record. *See* TEX. R. APP. P. 25.2(d). The trial court's certification states that Gentry has no right of appeal. The record thus supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because Gentry has no right of appeal as a matter of law, we must dismiss Gentry's appeal of the judgments in trial court cause numbers 17351180 and 1815605 for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).