**Opinion issued July 15, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00836-CR

_____

**FRANCISCO JAVIER TREJOCARRANZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 213th District Court**
**Tarrant County, Texas[1]**
**Trial Court Case No. 1773365**

---

**MEMORANDUM OPINION**

---

[1]  Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this Court. *See* Misc. Docket No. 24–9081 (Tex. Oct. 14, 2024); *see also* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases); TEX. R. APP. P. 41.3.

Appellant, Francisco Javier TrejoCarranza, pleaded guilty to the felony offense of indecency with a child.[2] Appellant entered his plea of guilty without an agreed punishment recommendation from the State, with punishment to be assessed by the trial court after completion of a presentence investigation. The appellate record shows that appellant was indicted for two counts of the felony offense of indecency with a child. However, as a part of the agreement between appellant and the State, while the State did not agree to make a punishment recommendation to the trial court, the State agreed to waive count two of the offense in exchange of appellant pleading guilty to count one. On September 16, 2024, the trial court signed a judgment of conviction by court, sentencing appellant to eight years' confinement. Appellant filed a notice of appeal from his conviction.

We dismiss the appeal for lack of jurisdiction.

**Background**

Appellant was indicted for two counts of the felony offense of indecency with a child. Appellant pleaded guilty to count one of the indictment. Appellant agreed to enter an open and voluntary plea of guilty to count one of the indictment with a presentence investigation report to be completed prior to sentencing by the trial court. In exchange, the State agreed, in part, to waive count two of the indictment.

---

[2]    *See* TEX. PENAL CODE ANN. § 21.11(a)(1).

The appellate record includes "Plea Admonishments," dated March 22, 2024, which are signed by appellant, his court-appointed trial counsel, counsel for the State, and the trial court judge. The plea admonishments show that appellant was indicted for two counts of the offense; with respect to count one of the offense, appellant agreed to enter an open plea of guilty with a presentence investigation report to be completed prior to sentencing by the trial court, and the State agreed to waive count two of the offense as a part of the plea.

Appellant further confirmed that he understood the trial court's admonishments and the consequences of his plea. Appellant also acknowledged that he voluntarily waived his right to a jury trial and that he "waive[d] all rights of appeal in this case." Finally, appellant signed a judicial confession stating that he "read the charging instrument filed in this case and [he] committed each act to which [he was] pleading guilty." As a part of the plea admonishments, the State also "consent[ed] to and approve[d] the defendant's jury-trial waiver." The trial court accepted appellant's plea but deferred entering judgment and sentencing appellant until completion of the presentence investigation report.

After a sentencing hearing, the trial court assessed appellant's punishment at eight years' confinement for count one of the indictment. The trial court further acknowledged that the State agreed to "waive[] Count Two of the indictment" in exchange for the voluntary plea of guilty to count one. On September 16, 2024, the

trial court signed its judgment of conviction, sentencing appellant to eight years' confinement.

On September 3, 2024, the trial court signed a certification of appellant's right of appeal indicating that this was "not a plea-bargain case, and the [appellant] has the right of appeal." Based on the appellate record, there was an inconsistency regarding whether appellant has the right to appeal. Specifically, there was an inconsistency between the Plea Admonishments, which stated that appellant waived his right to appeal, the trial court accepting his plea of guilty to count one of the indictment, and the trial court's statement that appellant had the right to appeal.

Additionally, Texas Rule of Appellate Procedure 25.2(a)(2) states that in a case where a defendant voluntarily pleaded guilty, the defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(A)-(B). These inconsistencies must be resolved before the appeal may proceed. *See Lopez v. State*, 595 S.W.3d 897, 899 n.1 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd.) (noting abatement necessary where there are conflicting certifications of appellant's right of appeal). Accordingly, on June 5, 2025, the Court abated the appeal and directed the trial court to conduct a hearing to clarify these inconsistencies and to advise the Court regarding appellant's right to appeal.

In response to the Court's order, the trial court signed an amended certification of appellant's right of appeal indicating that this was "a plea-bargain case, and the [appellant] has NO right of appeal." The trial court also caused a record of the ordered hearing to be filed with the Court. During this hearing, the trial court noted that the original certification of appellant's right of appeal was "incorrect," because appellant "had waived his right of appeal." The trial court continued, stating that an amended certification would be filed to indicate that this was a plea-bargain case, and appellant pleaded guilty to count one, and "he does not have the right to appeal."

## Jurisdiction

Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, in any non-capital case a defendant may waive his right of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a); *Carson*, 559 S.W.3d at 492. Where a defendant executes a valid waiver of his right of appeal, a defendant is barred from appealing any issue unless the trial court grants permission to appeal. *Id.* at 493.

The Texas Court of Criminal Appeals has held that, as a part of a plea bargain agreement, a criminal defendant may waive his right to appeal even where there is

no agreement with the State as to a punishment recommendation.[3] *See id.* at 494 ("[A] defendant may knowingly and intelligently waive his appeal as a part of a plea when consideration is given by the State, even when sentencing is not agreed upon."). For this waiver of the right of appeal to be valid, "the record must show that the State gave up its right to a jury in exchange for the defendant's waiver of his appeal." *See id.* A written waiver in which the defendant affirmatively states that he is giving up his right of appeal in exchange for the State's consent to his jury-trial waiver satisfies this requirement. *See Lopez. v. State*, 595 S.W.3d 897, 900–01 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). Here, the record includes such a written waiver, as appellant's plea documents, signed by appellant, his court-appointed counsel, and the State affirmatively state that the State "consent[ed] to and approve[d] of the [appellant's] jury-trial waiver."

Additionally, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a)(2) states that in a case where a defendant voluntarily pleaded guilty, the defendant may only appeal "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial

---

[3]     We note that, while there was no agreement with the State as to a punishment recommendation, the plea documents in the appellate record indicate that the State agreed to waive count two of the indictment in exchange for appellant voluntarily pleading guilty to count one of the indictment.

court's permission to appeal." TEX. R. APP. P. 25.2(a)(2)(A)-(B). As noted above, pursuant to appellant's plea agreement with the State, including appellant's waiver of his right of appeal, the trial court signed an amended certification stating that appellant had no right of appeal in this case.

The record here is clear that appellant voluntarily waived his statutorily-created right of appeal in exchange for the State waiving its right to a jury trial and waiver of count two of the indictment against appellant. *See Carson*, 559 S.W.3d at 496 (holding that "State's waiver of its right to a jury was sufficient consideration to render [a]ppellant's waiver of his right to appeal knowing and intelligent"); *Lopez*, 595 S.W.3d at 900–01 ("A waiver of appeal prior to sentencing may be valid if it is bargained for–that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon."). The record is further clear that the trial court did not grant appellant permission to appeal.

Because appellant has no right of appeal, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we reinstate the appeal to the Court's active docket and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).