**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-01002-CR

_____

**VALERIE LAUREN MATA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1866374**

## MEMORANDUM OPINION

Appellant Valerie Lauren Mata attempted to appeal from a judgment of conviction for the offense of improper relationship with a student for which appellant was sentenced to five years' incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice. *See* TEX. PENAL CODE § 21.12(a).

Appellant's appointed counsel has advised the Court that appellant waived the right of appeal.

The clerk's record indicates that appellant pleaded guilty and as part of her plea, she agreed to waive her right to appeal. The trial court's certification of defendant's right of appeal certified that appellant had no right of appeal because this was a plea-bargain case.

A defendant may waive her appeal as part of a plea even if sentencing is not agreed upon, if consideration is given for that waiver. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). For a waiver to be valid, the record must show that the State gave up its right to a jury trial in exchange for the defendant's waiver of her right to appeal. *See Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018). The appellate record indicates that appellant agreed to waive her right of appeal in exchange for the State giving up its right to a jury trial. Because appellant has no right of appeal, we must dismiss the appeal for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).