Opinion issued September 28, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00727-CR**

**NO. 01-22-00728-CR**

————————————

**DWAIN HEWITT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1673506 & 1763161**

---

## MEMORANDUM OPINION

Appellant Dwain Hewitt appeals from the judgments in trial court cause numbers 1673506 and 1763161 convicting him of felony possession of a weapon

and theft of property.[1]  The trial court found Hewitt guilty and sentenced him to 15 and 25 years in jail with the sentences to run concurrently.  Hewitt filed a notice of appeal in each cause.  We dismiss the appeals.

## Discussion

A defendant may waive his right to appeal in all but capital cases. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018).  As part of his guilty plea in both trial court cause numbers, Hewitt signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he waived the right to appeal, stating:

> I understand the prosecutor's punishment recommendation is **20 years TDC**.
>
> I do not accept this recommendation as a plea bargain.  Instead, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and **request that my punishment should be set by the judge**.  I waive any further time to prepare for trial to which I or my attorney may be entitled.  Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

By agreeing to waive its right to a jury trial, the State gave consideration for Hewitt's waiver of his right of appeal. *See id*. at 494.  The trial court's certification of defendant's right of appeal is included in the appellate record. *See* TEX. R. APP. P. 25.2(d).  The trial court's certification clearly states that Hewitt waived his right

---

[1]     *See* TEX. PENAL CODE §§ 31.03, 46.04.

of appeal.  The record thus supports the trial court's certification.[2] *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Because Hewitt has no right of appeal as a matter of law, we must dismiss Hewitt's appeal of the judgments in trial court cause numbers 1673506 and 1763161 for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[2]     Further, after this Court abated the appeal to correct previously-filed conflicting certifications of defendant's right to appeal, appellant stated on the record that he wished to waive his right of appeal in both causes.