**Opinion issued February 13, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-23-00777-CR**

————————————

**WALTER ZUNIGA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1698342**

---

## MEMORANDUM OPINION

Appellant Walter Zuniga seeks to appeal the judgment in trial court cause number 1698342 convicting him of murder.[1] After appellant pleaded guilty, the trial

---

[1] *See* TEX. PENAL CODE § 19.02.

held a Pre-Sentence Investigation hearing and sentenced him to 40 years in prison. Appellant filed a pro-se notice of appeal. We dismiss the appeal.

## Discussion

A defendant may waive his right to appeal in all but capital cases. *See Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). As part of his guilty plea, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in which he waived the right to appeal, stating:

> The state and defense have agreed that the defendant has waived his right to appeal in exchange for the state capping the punishment at 40 years TDC and waiving its right to a jury trial.
>
> . . . .
>
> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and **request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing**. I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

By agreeing to waive its right to a jury trial, the State gave consideration for appellant's waiver of his right of appeal. *See id.* at 494. The trial court's certification of defendant's right of appeal is included in the record on appeal. *See* TEX. R. APP. P. 25.2. The trial court's certification states that defendant waived the right of

appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss the appeal for lack of jurisdiction.[2] *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appellant's appointed counsel also notified this Court that appellant waived his right of appeal.