**Opinion issued May 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-23-00528-CR**

**NO. 01-23-00529-CR**

_____

**PHANOMPHONE TANOVANH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1743379, 1743381**

## MEMORANDUM OPINION

In appellate case number 01-23-00528-CR, appellant, Phanomphone Tanovanh, with an agreed punishment recommendation from the State, pleaded

guilty to the felony offense of evading arrest or detention[1] and "true" to the allegation in an enhancement paragraph that he had been previously convicted of a felony offense.

In appellate case number 01-23-00529-CR, appellant, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance, namely, methamphetamine weighing more than one gram and less than four grams by aggregate weight,[2] and "true" to the allegation in an enhancement paragraph that he had been previously convicted of a felony offense.

In accordance with his plea agreements with the State, the trial court found appellant guilty of each offense and assessed his punishment at confinement for twenty years, with the sentences to run concurrently. Appellant, acting pro se, timely filed a notice of appeal from each judgment.

We dismiss the appeals for lack of jurisdiction.

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A); appellate case no. 01-23-00528-CR, trial court case no. 1743379.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c); appellate case no. 01-23-00529-CR, trial court case no. 1743381.

PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

Accordingly, in a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *Id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

In appellate case number 01-23-00528-CR, the clerk's record included a certification of appellant's right of appeal stating that this was "a plea-bargain case, and the [appellant] ha[d] NO right of appeal." The clerk's record also included the plea waivers and plea terms, confirming that appellant pleaded guilty to the offense

3

of evading arrest or detention in exchange for (1) the State's agreement to abandon a second enhancement paragraph and (2) a punishment recommendation of confinement for twenty years. Further, the trial court's judgment stated that appellant waived his right to appeal and "NO PERMISSION TO APPEAL [WAS] GRANTED" by the trial court.

The appellate record supports the trial court's certification in appellate case number 01-23-00528-CR. Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fairley v. State*, Nos. 01-20-00824-CR, 01-20-00825-CR, 2022 WL 210457, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, no pet.) (mem. op., not designated for publication).

In appellate case number 01-23-00529-CR, the clerk's record included a certification of appellant's right of appeal stating that this was "a plea-bargain case, but the trial court ha[d] given permission to appeal, and the [appellant] ha[d] the right of appeal." However, this certification conflicted with the appellate record. For example, the trial court's judgment stated: "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED."

4

Additionally, the clerk's record included a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," signed by appellant, in which he stipulated, among other things, that he had "waive[d] any right of appeal which [he] may have should the court accept the foregoing plea bargain between [appellant] and the [State]." Appellant's waiver of rights also included the terms of his plea agreement with the State in which appellant pleaded guilty to the offense of possession of a controlled substance, namely, methamphetamine weighing more than one gram and less than four grams by aggregate weight, in exchange for (1) the State's agreement to abandon a second enhancement paragraph, and (2) a punishment recommendation of confinement for twenty years.

Appellant further executed written "Admonishments" in which he acknowledged, among other things, that if "the punishment assessed by the [trial] court [did] not exceed the punishment recommended by the [State] and agreed to by [appellant] and [his] attorney, the court must give its permission to [appellant] before [he] may prosecute an appeal on any matter in this case except for those matters raised by [appellant] by written motion filed prior to trial."

Based on the inconsistency between the trial court's certification and the appellate record, the Court abated these appeals and directed the trial court make findings clarifying whether the trial court granted appellant permission to appeal in

appellate case number 01-23-00529-CR, and, if necessary, execute an amended certification of appellant's right of appeal.

The trial court held a hearing in connection with the Court's abatement order. During that hearing, the trial court clarified that, pursuant to the terms of appellant's plea-bargain agreement with the State, appellant did not have a right of appeal, and that the indication on the trial court's certification of appellant's right of appeal that the trial court had granted him permission to appeal was "just a clerical error in [appellant's] plea paperwork." A supplemental clerk's record was then filed with the Court which included an amended certification of appellant's right of appeal stating that this was "a plea-bargain case, and the [appellant] ha[d] NO right of appeal."

The record supports the trial court's amended certification in appellate case number 01-23-00529-CR. Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez*, 183 S.W.3d at 680 ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fairley*, 2022 WL 210457, at *1–3.

Accordingly, we reinstate these appeals to the Court's active docket and dismiss the appeals for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).