

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00591-CR

Joan Rafael **SUSTAITA SERNA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 2025-CC-008252
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:     Lori I. Valenzuela, Justice
             Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice

Delivered and Filed: November 5, 2025

DISMISSED

Appellant was charged by information with the misdemeanor offense of driving while intoxicated with a blood alcohol concentration of 0.15 or more. TEX. PENAL CODE § 49.04(d). Appellant initially pleaded not guilty and requested that the jury assess punishment in the event it found her guilty. On August 21, 2025, a Bexar County jury found appellant guilty of the charged offense.

The trial court's judge's notes indicate that after the jury reached its guilty verdict, "[t]he parties reached an [agreement] to 89 days confinement." On August 21, 2025, appellant signed a "Defendant's Waiver of Constitutional Rights and Court's Admonitions" in which she, *inter alia*, entered a plea of guilty, waived her right to a jury trial, and indicated that she understood "that the Court must give [her] permission in order to appeal any non-jurisdictional defendant that occurred prior to entry of [her] plea, unless the appeal relates to matters raised by written motion filed by [her] or [her] attorney prior to trial that were ruled on by the Court[.]" This waiver was file-stamped approximately one hour after the time stamped on the jury's guilty verdict.

The trial court, appellant, and appellant's attorney also signed a Certification of Defendant's Right of Appeal in which the trial court "certif[ied] this criminal case . . . is a plea bargain case, and the defendant has NO right of appeal[.]" The trial court's certification was followed by a handwritten notation, "jury found [defendant] guilty[.]" Like the appellant's waiver, the trial court's certification appears to have been file-stamped approximately an hour after the jury rendered its verdict. That same day, the trial court signed a judgment of conviction sentencing appellant to 89 days in the Bexar County Jail.

The clerk's record does not contain a written plea bargain agreement. However, the record appears to show that after the jury reached its verdict on guilt-innocence, appellant changed her plea to guilty, waived her right to have the jury decide her punishment, and waived her right to appeal in exchange for the prosecutor's agreement to a specific punishment. *See Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018) ("[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State[.]"). The record further shows that the trial court assessed a punishment consistent with the agreement between appellant and the prosecutor. Accordingly, the trial court's certification appears to accurately reflect that

appellant's case is a plea bargain case and appellant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Accordingly, on September 24, 2025, we issued an order notifying appellant that we would dismiss this appeal unless an amended trial court certification showing that appellant has the right of appeal was made part of the appellate record by October 24, 2025. *See* TEX. R. APP. P. 25.2(d); *see also Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176–77 (Tex. App.—San Antonio 2003, no pet.).

No amended certification has been filed, and appellant has not otherwise responded to our order. We therefore dismiss this appeal.

PER CURIAM

DO NOT PUBLISH