

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00793-CR

Sean **HARPER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-CR-007161-02
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Lori Massey Brissette, Justice
              Adrian A. Spears II, Justice
              H. Todd McCray, Justice

Delivered and Filed: April 22, 2026

DISMISSED

Appellant Sean Harper seeks to appeal his judgment of conviction for the offense of failure to comply with a sex offender's duty to register (life/annual) (habitual). The clerk's record has been filed in this case, and it includes the judgment and the trial court's certification of appellant's right to appeal. The judgment indicates appellant pleaded not guilty in the underlying case to the charged offense. The judgment further provides the jury found appellant guilty. But the

certification states the underlying case "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right to appeal." *See* Tex. R. App. P. 25.2(a)(2).

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." Tex. R. App. P. 25.2(d). This court has a duty to examine the record to determine whether the trial court's certification of defendant's right to appeal is accurate. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005). Generally, this review involves an examination of the clerk's record to determine whether the punishment assessed by the trial court exceeds the punishment recommended by the prosecutor and agreed to by the defendant. *See* Tex. Code Crim. Proc. art. 44.02; *Shankle v. State*, 119 S.W.3d 808, 811–12 (Tex. Crim. App. 2003). Here, the clerk's record includes a judgment of conviction showing the defendant pleaded "not guilty," and was found guilty by a jury. It also includes a plea bargain indicating the parties agreed to a punishment of thirty-five years, with no application for community supervision or deferred adjudication and without any such recommendation from the State. The plea bargain also requires Chapter 62 compliance and a no contact order. But for a Rule 25.2(d) certification, a plea bargain case is "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App P. 25.2(a)(2). Because the clerk's record did not establish that this was a plea bargain case under Rule 25.2, we also reviewed the reporter's record. The reporter's record shows appellant pleaded not guilty. Because appellant pleaded not guilty, this case is not a plea bargain case under Rule 25.2(a). *See* Tex. R. App. P. 25.2(a); *Lamonica v. State*, No. 05-25-00366-CR, 2025 WL 1520472, at *1 (Tex. App.—Dallas May 28, 2025, pet. ref'd).

Nevertheless, the certification provides the defendant has waived the right of appeal. The record shows this is supported by the record. The State and the defendant entered into a plea agreement as to *punishment* in exchange for the State's agreement to not seek a longer punishment, or make a recommendation as to deferred adjudication, community supervision, or as to a fine. The reporter's record further shows that the trial court confirmed with appellant and his appointed counsel that these provisions were part of the punishment plea agreement. Finally, the reporter's record shows that appellant stated he understood that he was waiving his right to appeal as part of the agreement. And appellant signed the agreement indicating he understood his "right to appeal [would be] be limited to only: (1) those matters . . . raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal." It further provides: "However, as part of my plea-bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement." A party that has the right of appeal may waive that right. *See* TEX. CODE CRIM. PROC. art. 1.14 ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law ...."); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) ("[A] valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court."); *see also Lamonica v. State*, No. 05-25-00366-CR, 2025 WL 1520472, at *1 (Tex. App.—Dallas May 28, 2025, pet. ref'd). "[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018). "A valid waiver will prevent the defendant from appealing any issue unless the trial court consents to the appeal." *Id.* at 493.

Because appellant appeared to waive his right to appeal and the record included no certification showing the defendant had the right of appeal, we admonished appellant this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d). We further admonished appellant that if a supplemental clerk's record containing an amended certification was required to show he had the right to appeal, he was required to request it from the trial court clerk and file a copy of the request with this court. Finally, we admonished appellant if he failed to satisfactorily respond to this order within the time provided, the appeal would be dismissed.

On March 18, 2026, appellant filed a motion for an extension of time, seeking until March 27, 2026 to file the requisite supplemental clerk's record and amended certification. We granted that motion. No supplemental clerk's record or amended certification has been filed and appellant's counsel has not responded to efforts by this clerk's office to contact him.

Accordingly, this appeal is dismissed.

PER CURIAM

DO NOT PUBLISH